## BREAUX v. JACKSON BREWING CO., Inc.
### No. 16058.

Court of Appeal of Louisiana. Orleans.

Feb. 8, 1937.

Gaspar R. Bossetta, of New Orleans, for appellant.

Edw. Rightor and Wm. H. Sellers, both of New Orleans, for appellees.

WESTERFIELD, Judge.

Irwin Breaux was severely injured as the result of a collision between a motortruck belonging to his employer, the Balencie Paper Company, which he was driving at the time, and a truck owned by Jackson Brewing Company. He brought this suit claiming $9,100 as damages for physical injuries, loss of earnings, etc., against the Jackson Brewing Company, Inc., and its underwriter, Employers Liability Assurance Corporation of London, England, alleging that the accident which caused the injuries was due entirely to the fault of the driver of the Jackson Brewing Company truck.

There was judgment below in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.

The version of the accident, as given by plaintiff and one witness who testified in his behalf, is as follows:

The Balencie truck, going into the direction of Canal street, entered the roadway of the viaduct over the Industrial Canal and signaled to the Jackson truck, which was just ahead of it, that it desired to pass. The Jackson truck, in response to the signal, pulled over to its right to permit the passage of the Balencie truck, but, before this could be accomplished, the Jackson truck turned sharply to the left and collided with the right rear wheel of the Balencie truck, striking it with such force as to cause its front wheels to break through the guard rail of the viaduct and throw plaintiff out of the driver's seat to the pavement below, a distance of 30 feet.

Defendant's version is supported by four witnesses, two of its employees, the driver of the truck, and a helper who was beside him on the driver's seat, a police officer by the name of Stouff, who happened to be driving his car behind the two trucks at the time of the accident, and a young man by the name of Paul Sperandeo, a bystander. All of these witnesses agree in saying that the accident was due to the fact that the Balencie truck ran into a small cement curbing about 1 foot high on its left, after it had entirely passed the Jackson truck, with the result that it became unmanageable, swerved to the right and in front of the brewery truck, which collided with it in its right rear portion, driving the Balencie truck through the guard rail of the viaduct.

It is apparent that the evidence clearly preponderates in favor of the defendant. We see no reason to disturb the finding of the trial court, which appears to us to be fully justified by the record.

For the reasons assigned, the judgment is affirmed.

Affirmed.